83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Allen ROBLES, Plaintiff-Appellant,
v.
Warden CRIST and officer Garcia, Defendants-Appellees.
 No. 95-16821.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe Allen Robles, Arizona state prisoner appeals pro se the district court's grant of summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action regarding strip searches of work crews who return from outside the prison gates.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We agree with the district court that prison officials did not violate Robles' Fourth Amendment or Eighth Amendment rights when they strip-searched him in a private room adjoining the prison gate upon his return from a work crew assignment. See Wilson v. Seiter, 111 S.Ct. 2334, 2338 (1991); Bell v. Wolfish, 441 U.S. 520, 522 (1979); Michenfelder v. Sumner, 860 F.2d 328, 329 (9th Cir.1988); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Robles raises for the first time on appeal that his disciplinary segregation and loss of good-time credits were unconstitutional. Because Robles failed to raise these issues in the district court, we decline to address them for the first time on appeal. See United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984)
 
 
 [2]
 Robles motion for extension of time to file a "good brief" is denied as moot